UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bryan A-O, | No. 26-cv-929 (KMM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Ryan Shea, et al., | |
| Respondents. | |

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Bryan A-O (Dkt. 1.) For the reasons that follow, the Petition is granted.

## BACKGROUND

Bryan A-O is a citizen of El Salvador. (*Id.* ¶ 13.) He has lived in the United States since February 21, 2017, when he entered the country as an unaccompanied minor at age 16. (*Id.*) He was initially placed in removal proceedings, but those proceedings were dismissed in December 2023. (*Id.* ¶ 14.) He has a pending asylum claim and does not have a final order of removal. (*Id.*) Bryan A-O also has a valid work permit and has worked for UPS for four years. (*Id.* ¶ 15.) He is currently living with his family in St. Paul, including his mother and his siblings, and plans to marry his girlfriend soon. (*Id.* ¶ 16.) Bryan A-O is also a high school graduate and has no criminal record. (*Id.*)

Bryan A-O was arrested on January 9, 2026 while heading to a UPS worksite with his girlfriend. (*Id.* ¶ 17.) The agents threatened to break his car windows and never presented a warrant. (*Id.*) Upon his arrest, Bryan A-O was placed in a car with "a

deceptively placed Uber sticker [on] its exterior[.]" (*Id.*) He was brought to the Freeborn County Jail, where he currently remains. (*Id.* ¶ 21.)

Respondents' position appears to be that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (Dkt. 4.) They do not point to any other basis for his detention or suggest that he has criminal history triggering other mandatory detention provisions.

## DISCUSSION

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have decided the issue, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.*

and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Bryan A-O or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court also notes that Bryan A-O's pending asylum petition does not alter the Court's conclusion that detention under § 1225(b)(2) is not appropriate. As U.S. District Court Judge Eric Tostrud recently noted in *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026) that "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id.* (collecting cases). The reasoning in Judge Tostrud's opinion, and those of the cases he references, is sound, and the Court declines to find that Bryan A-O's application for asylum triggers mandatory detention under § 1225(b).

Bryan A-O alleges that he should be immediately released or, at minimum, granted a bond hearing. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest, nor has the government produced one to the Court. As Judge Tostrud also explained, "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Id.* Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been

3

rearrested with no warrant, and there were no allegations of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same). And although *Ahmed M.* was specifically cited in Bryan A-O's Verified Petition, Respondents do not grapple with this argument for immediate release rather than a bond hearing. Similarly, because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion that Bryan A-O has done something that justifies revoking his prior release, release is the correct remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Bryan A-O's Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Bryan A-O is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Bryan A-O in Minnesota, **with all of his personal effects seized during his arrest, including but not limited to immigration paperwork, and without new conditions** no later than **5:00 PM on February 7, 2026**.

4. Further, the Court **ORDERS** Respondents file a notice on ECF **by no later than 12:00 PM on February 8, 2026** certifying his release. If Bryan A-O has not been released by that time, then Respondents shall advise the Court about the reasons his release has not occurred, and the specific steps Respondents are undertaking to ensure his immediate release in Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 6, 2026

                                             <u>*s/Katherine Menendez*</u>
                                             Katherine Menendez
                                             United States District Judge